```
 1 │ Joseph M. Alioto (No. 42680)
   │ Theresa D. Moore (No. 99978)
 2 │ Joseph M. Alioto, Jr. (No. 215544)
   │ Thomas P. Pier (No. 235740)
 3 │ ALIOTO LAW FIRM
   │ 555 California Street, 31st Floor
 4 │ San Francisco, CA 94104
   │ Telephone: (415) 434-8900
 5 │ Facsimile: (415) 434-9200
   │ E-mail: esexton@aliotolaw.com
 6 │
   │ Daniel R. Shulman (MN No. 100651)
 7 │ GRAY, PLANT, MOOTY, MOOTY & BENNETT
   │ 500 IDS Center
 8 │ 80 South 8th Street
   │ Minneapolis, MN 55402
 9 │ Telephone: (612) 632-3000
   │ Facsimile: (612) 632-4335
10 │ E-mail: daniel.shulman@gpmlaw.com
```

E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY D'AUGUSTA; CAROLYN FJORD; SHARON HOLMES; DEBORAH M. and STEVEN J. PULFER; JOHN LOVELL; GABE GARAVANIAN; JOSE M. BRITO; SONDRA K. RUSSELL; ANNETTE M. TIPPETTS; SHERRY LYNNE STEWART; ROBERT A. ROSENTHAL; LEE B. and LISA R. MCCARTHY; JUNE STANSBURY; KEITH DEAN BRADT; DONALD and DONNA FRY; GARY TALEWSKY; DIANA LYNN ULTICAN; PATRICIA A. MEEUWSEN; ROBERT D. CONWAY; MICHAEL C. MALANEY; Y. JOCELYN GARDNER; CLYDE D. STENSRUD; DONNA M. JOHNSON; VALARIE JOLLY; and PAMELA S. WARD,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST AIRLINES CORPORATION and DELTA AIR LINES INC.,<br><br>Defendants. | CV 08 3007<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AGAINST VIOLATION OF SECTION 7 OF THE CLAYTON ANTITRUST ACT** |

Plaintiffs above named, direct purchasers of airline tickets from one or both of the defendants above named, bring this action under Sections 7 and 16 of the Clayton Antitrust Act, 15 U.S.C. §§ 18, 26, to enjoin the merger of the defendants above named, and for their complaint allege as follows:

## INTRODUCTION

1.    On April 14, 2008, the defendants above named announced that they had agreed to combine in an all stock transaction merging Northwest Airlines and Delta Airlines to create the nation's largest domestic airline, to be operated under the Delta name. The effect of the announced merger of defendants may be substantially to lessen competition, or to tend to create a monopoly, in the transportation of airline passengers in the United States in violation of Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18. Plaintiffs are individuals who have purchased airline tickets from one or both of the defendants in the past, and expect to continue to do so in the future. They are threatened with loss or damage by the defendants' merger in violation of Section 7 in the form of higher ticket prices and diminished service, and, accordingly, they bring this action for preliminary and permanent injunctive relief against the merger pursuant to Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26.

## JURISDICTION

2.    This action is brought under Section 16 of the Clayton Antitrust Act, 15 U.S.C. §26, to secure equitable relief against the defendants due to their violations of Section 7 of the Clayton Antitrust Act, 15 U.S.C. §18. This Court has subject matter jurisdiction of the federal antitrust claims asserted in this action under Section 16 of the Clayton Antitrust Act, 15 U.S.C. §26, and Title 28 United States Code Sections 1331 and 1337.

## THE PARTIES

3.    Each of the plaintiffs named hereinbelow is an individual and a citizen of the state listed as the address for each such plaintiff, and in the four years next prior to the filing of this action, each plaintiff has purchased airline tickets from one or both of the defendants,

and each plaintiff expects to continue to purchase airline tickets from one or both of the defendants or their merged entity in the future:

Rosemary D'Augusta, 347 Madrone Street, Millbrae, CA 94030;

Carolyn Fjord, P.O. Box 73493, Davis, CA 95617;

Sharon Holmes, P.O. Box 295, Searchlight, NV 89046;

Deborah M. and Steven J. Pulfer, 16264 E. Mason Rd., Sidney, OH 45365;

John Lovell, 1910 Breton Rd. SE, Grand Rapids, MI 49506;

Gabe Garavanian, 40 Vinal Sq., No. Chelmsford, MA 01863:

Jose M. Brito, 100 California Ave., Reno, NV 89505;

Sondra K. Russell, 1206 N. Loop 340, Waco, TX 76705;

Annette M. Tippetts, 2783 East Canyon Crest Drive, Spanish Fork, UT 84660;

Sherry Lynne Stewart, 6189 Lehman Drive, Suite 103, Colorado Springs, CO 80918;

Robert A. Rosenthal, 5975 No. Academy Blvd., Colorado Springs, CO 80918;

Lee B. and Lisa R. McCarthy, 35 Lancashire Place, Naples, FL 34104;

June Stansbury, 690 W. 2nd. Street, Suite 100, Reno, NV 89503;

Keith Dean Bradt, P.O. Box 3262, Reno, NV 89505;

Donald and Donna Fry, 6740 Northrim Lane, Colorado Springs, CO 80919;

Gary Talewsky, 738 Turnpike Street, Canton, MA 02021;

Diana Lynn Ultican, 9039 NE Juanita Dr., # 102, Kirkland, WA 98034;
Patricia A. Meeuwsen, 1062 Wedgewood, Plainwell, MI 49080;

Robert D. Conway, 6160 W. Brooks Ave., Las Vegas, NV 89108;

Michael C. Malaney, 2240 28th St. SE, Grand Rapids, MI 49508;

Y. Jocelyn Gardner, 6602-A Delmonico Dr., Colorado Springs, CO 80919;

Clyde D. Stensrud, 1529 10th St. W., Kirkland, WA 98033;

3
*COMPLAINT FOR INJUNCTIVE RELIEF AGAINST VIOLATION OF SECTION 7
OF THE CLAYTON ANTITRUST ACT*

Donna M. Johnson, 1864 Masters Drive, DeSoto, TX 75115;

Valarie Jolly, 2121 Dogwood Loop, Mabank, TX 75156;

Pamela S. Ward, 1322 Creekwood Drive, Garland, TX 75044.

4.  Defendant Northwest Airlines Corporation ("Northwest") is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Eagan, MN. Northwest is the direct parent corporation of Northwest Airlines, Inc. ("NWA"). Northwest operates the world's seventh largest airline, as measured by 2007 revenue passenger miles ("RPMs"), and is engaged in the business of transporting passengers and cargo. Domestically in the United States, for 2007, Northwest was the fifth largest airline as measured by RPMs. Northwest began operations in 1926. Northwest's business includes domestic hubs at Detroit, Minneapolis/St. Paul, and Memphis.

5.  Defendant Delta Air Lines, Inc. ("Delta") is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, GA. Delta is one of the largest air carriers that provides scheduled transportation for passengers and cargo throughout the United States and around the world. Domestically in the United States, for 2007 Delta was the third largest airline as measured by RPMs. Delta's business includes domestic hubs in Atlanta, Cincinnati, New York-JFK, and Salt Lake City. Each of these hub operations, like the hub operations by Northwest, includes Delta flights that gather and distribute traffic from markets in the geographic region surrounding the hub to domestic and international cities and to other Delta hubs.

**NATURE OF TRADE AND COMMERCE**

6.  The relevant product and geographic market for purposes of this action is the transportation of airline passengers in the United States.

7. Northwest and Delta are substantial rivals and competitors in the relevant market. Not only do Northwest and Delta provide competing passenger service against each other on a number of passenger routes, but also they are potentially able to provide competing passenger service against each other on any route anywhere in the United States. The behavior of each is therefore constrained by actual and potential competition from the other throughout the entire relevant market.

8. The market for the transportation of airline passengers in the United States is in and part of interstate commerce, makes extensive use of the instrumentalities of interstate commerce, and substantially affects interstate commerce. Airline passengers travel in a continuous and uninterrupted flow of interstate commerce. Airlines travel in a continuous and uninterrupted flow of interstate commerce. Materials used in the construction of airplanes are purchased and shipped in a continuous and uninterrupted flow of interstate commerce.

9. Any restraint of trade in the transportation of airline passengers in the United States, including the restraints specifically alleged in this complaint, directly and substantially restrains and affects interstate commerce.

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

10. On April 14, 2008, Northwest and Delta announced an agreement in which the two carriers will combine in an all-stock transaction with a combined enterprise value of $17.7 billion. The new airline will be called Delta. The chief executive officer of the combined company will be Richard Anderson, the current CEO of Delta. The chairman of Delta's Board of Directors will become chairman of the board of the combined company, and the chairman of Northwest's Board of Directors will become vice chairman.

11. Through secret and private meetings, Mr. Anderson of Delta negotiated the merger agreement with Northwest's Chief Executive Officer, Douglas Steenland. The two were formerly colleagues at Northwest. Messrs. Anderson and Steenland were promised multi-millions of dollars in additional compensation on the condition that they achieved a merger between their companies.

12. The combined company will be the largest airline in the world and its regional partners will provide access to more than 390 destinations in 67 countries, will have more than $35 billion in aggregate revenues, operate a mainline fleet of nearly 800 aircraft, and employ approximately 75,000 people worldwide.

13. With respect to the domestic effects of the defendants' proposed merger in the relevant market, the following Table 1 provides data from the United States Department of Transportation on the revenue passenger miles flown by the largest United States airlines, excluding miles flown by the "feeder" subsidiaries of these airlines flown on "feeder" routes. As the table demonstrates, the proposed merger would combine the third largest domestic United States passenger airline, Delta, and the fifth largest passenger airline, Northwest, and create the largest domestic United States passenger airline with a combined market share of 24.1 percent as measured by RPMs. The new airline would account for nearly one fourth of all RPMs flown by United States carriers.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT FOR INJUNCTIVE RELIEF AGAINST VIOLATION OF SECTION 7 OF THE CLAYTON ANTITRUST
6

Table 1
Shares of the Trunk Airline Market
2007

| Airline Name | Pre-Merger Revenue Pass.-Miles | Pre-Merger Market Share | Post-Merger Revenue Pass.-Miles | Post-Merger Market Share |
|---|---|---|---|---|
| AirTran Airways | 17,252,013,489 | 2.4% | 17,252,013,489 | 2.4% |
| Alaska Airlines | 18,455,777,749 | 2.5% | 18,455,777,749 | 2.5% |
| American Airlines | 138,448,377,555 | 18.9% | 138,448,377,555 | 18.9% |
| Continental Air Lines | 81,427,807,029 | 11.1% | 81,427,807,029 | 11.1% |
| Delta Air Lines | 103,449,931,411 | 14.1% | | |
| Northwest Airlines | 73,023,252,451 | 10.0% | 176,473,183,862 | 24.1% |
| Frontier Airlines | 9,893,034,304 | 1.3% | 9,893,034,304 | 1.3% |
| Hawaiian Airlines | 8,049,537,637 | 1.1% | 8,049,537,637 | 1.1% |
| JetBlue Airways | 25,721,927,280 | 3.5% | 25,721,927,280 | 3.5% |
| Midwest Airline | 4,233,887,614 | 0.6% | 4,233,887,614 | 0.6% |
| Southwest Airlines | 72,410,200,188 | 9.9% | 72,410,200,188 | 9.9% |
| United Air Lines | 117,399,282,626 | 16.0% | 117,399,282,626 | 16.0% |
| US Airways/America West | 61,255,257,517 | 8.4% | 61,255,257,517 | 8.4% |
| Virgin America | 580,961,643 | 0.1% | 580,961,643 | 0.1% |
| North American Airlines | 1,862,122,178 | 0.3% | 1,862,122,178 | 0.3% |
| | 733,463,370,671 | 100.0% | 733,463,370,671 | 100.0% |
| HHI | | 1240 | | 1509 |

Source: U. S. Department of Transportation, Bureau of Transportation Statistics, www.transtats.bts.gov.

14.  Furthermore, the new airline would operate in a more highly concentrated market. The Four Firm Concentration Ratio (CR4), which measures the aggregated market share of the largest four firms, would increase from 60.1 percent to 70.1 percent; and the Herfindahl-Hirschman Index (HHI) would increase from 1240 to 1509, or by over 250 points. As a result, the probability of price-fixing and division of markets among the airlines remaining after defendants' merger would substantially increase.

15.  The potential for increased price-fixing, division of markets, and other anti-competitive acts, among the remaining airlines is significant, because the domestic passenger airlines, including, *inter alia*, these defendants, have in the past colluded to fix prices with regard to airfares, surcharges, and cargo prices, and to fix other terms and conditions of air transportation and travel.

16.  In addition to the degree of market concentration, there are significant barriers to entry in the relevant market, as well as a history of a lack of successful new entry. There

have been only two new major carriers in recent years: Southwest Airlines and Jet Blue, and both of these entrants took some time to develop into major competitive factors. On the contrary, the relevant market has been characterized by the exit, rather than the entry, of firms. The prospect of new entry is therefore unlikely to eliminate any of the anticompetitive effects that will eventuate from the defendants' merger and the increasingly concentrated structure of the relevant market.

17. The defendants' proposed merger will cause harm to consumers, including the plaintiffs, by charging higher airfares, reducing the number of flights, eliminating air service to smaller communities, charging for services otherwise part of normal service, crowding more people into existing airplanes, and other anti-competitive and anti-consumer welfare practices. Consumers, including the plaintiffs, will thus pay more for less airline service than would be the case in the absence of defendants' merger.

18. The defendants' proposed merger is also likely to lead to other mergers and further concentration in the already highly concentrated relevant market.

19. United States Representative James Oberstar (D-Minn.), chairman of the House Transportation and Infrastructure Committee, has publicly opposed the merger of Northwest and Delta, which he says is "likely to lead to less service to small communities, reduced competition in larger markets, and higher fares."

20. As the foregoing paragraphs show, the effect of the defendants' merger, if consummated, may be substantially to lessen competition, or to tend to create a monopoly in the transportation of airline passengers in the United States.

21. By reason of the defendants' proposed merger, the plaintiffs are threatened with loss or damage in the form of higher ticket prices and diminished service. If the defendants' merger is consummated, the plaintiffs will sustain irreparable harm for which

1  damages will be unable to compensate plaintiffs, in that service once lost cannot easily be
2  restored. Accordingly, plaintiffs bring this action for both preliminary and permanent
3  injunctive relief against defendants' merger.

### VIOLATION ALLEGED

### Clayton Act, Section 7

22. The conduct of defendants described hereinabove, specifically their agreement to merge, constitutes a violation of Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18, in that the effect of the proposed merger of defendants may be substantially to lessen competition, or to tend to create a monopoly in the transportation of airline passengers in the United States; by reason of which violation the plaintiffs are threatened with loss or damage in the form of higher ticket prices and diminished service, as well as irreparable harm for which damages will be inadequate to compensate plaintiffs, such that plaintiffs are entitled to bring suit under Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26, to obtain preliminary and permanent injunctive relief to prohibit the defendants' merger, and to recover their cost of suit, including a reasonable attorney's fee.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand the following relief from this Honorable Court:

A. Declaring, finding, adjudging, and decreeing that the agreement of the defendants to merge violates Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18.

B. Preliminarily enjoining the defendants from consummating their merger during the pendency of this action.

C. Permanently enjoining the defendants from consummating their merger.

D. Awarding to plaintiffs their cost of suit, including a reasonable attorney's fee, as provided by Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26.

E.  Granting to plaintiffs such other and further relief to which they may be entitled and which the Court finds to be just and appropriate.

Dated: June 18, 2008.

ALIOTO LAW FIRM
GRAY PLANT MOOTY MOOTY & BENNETT, P.A.

By:_____
Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street, 31st Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
E-mail: esexton@aliotolaw.com

E.  Granting to plaintiffs such other and further relief to which they may be entitled and which the Court finds to be just and appropriate.

Dated: June 18, 2008.

ALIOTO LAW FIRM
GRAY PLANT MOOTY MOOTY & BENNETT, P.A.

By: *Joseph M. Alioto* (signature)

Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street, 31st Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
E-mail: esexton@aliotolaw.com

COMPLAINT FOR INJUNCTIVE RELIEF AGAINST VIOLATION OF SECTION 7 OF THE CLAYTON ANTITRUST
10