BOIES, SCHILLER & FLEXNER LLP
DONALD L. FLEXNER (*phv application pending*)
PHILIP C. KOROLOGOS (*phv application pending*)
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
Email: dflexner@bsfllp.com
       pkorologos@bsfllp.com

JAMES P. DENVIR III  (*phv application pending*)
5301 Wisconsin Ave. NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: jdenvir@bsfllp.com

JOHN F. COVE, JR. (SBN 212213)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
Email:  jcove@bsfllp.com

Attorneys for Defendant Delta Air Lines Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROSEMARY D'AUGUSTA**<br><br>Plaintiffs,<br><br>v.<br><br>**NORTHWEST AIRLINES CORP. and DELTA AIR LINES INC.,**<br><br>Defendants. | Case No. 3:08-cv-03007-VRW<br><br>**ANSWER OF DEFENDANT DELTA AIR LINES, INC.**<br><br>The Honorable Vaughn R. Walker |

Defendant Delta Air Lines, Inc. ("Delta"), as and for its Answer to plaintiffs' Complaint, states as follows:

**I.**  **INTRODUCTION**

ALLEGATION 1:  On April 14, 2008, the defendants above named announced that they had agreed to combine in an all stock transaction merging Northwest Airlines and Delta Airlines to create the nation's largest domestic airline, to be operated under the Delta name. The effect of the announced merger of defendants may be substantially to lessen competition,

or to tend to create a monopoly, in the transportation of airline passengers in the United States in violation of Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18. Plaintiffs are individuals who have purchased airline tickets from one or both of the defendants in the past, and expect to continue to do so in the future. They are threatened with loss or damage by the defendants' merger in violation of Section 7 in the form of higher ticket prices and diminished service, and, accordingly, they bring this action for preliminary and permanent injunctive relief against the merger pursuant to Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26.

DELTA'S RESPONSE:

Delta denies Allegation 1 except states that (i) it and Northwest Airlines Corporation ("Northwest") announced a planned stock transaction on April 14, 2008 and that, combined, Delta and Northwest would be the nation's largest domestic airline by some measures; and (ii) Delta is without knowledge or information sufficient for form a belief as to the accuracy of the third sentence of Allegation 1.

## II. JURISDICTION

ALLEGATION 2: This action is brought under Section 16 of the Clayton Antitrust Act, 15 U.S.C. §26, to secure equitable relief against the defendants due to their violations of Section 7 of the Clayton Antitrust Act, 15 U.S.C. §18. This Court has subject matter jurisdiction of the federal antitrust claims asserted in this action under Section 16 of the Clayton Antitrust Act, 15 U.S.C. §26, and Title 28 United States Code Sections l331 and 1337.

DELTA RESPONSE:

Delta denies Allegation 2 except states that (i) the Court has subject matter jurisdiction pursuant to 15 U.S.C. § 26 and 28 U.S.C. §§ 1331, 1337; and (ii) plaintiffs purport to bring an action under Sections 7 and 16 of the Clayton Antitrust Act, 15 U.S.C. §§ 18, 26.

## III. THE PARTIES

ALLEGATION 3: Each of the plaintiffs named hereinbelow is an individual and a citizen of the state listed as the address for each such plaintiff, and in the four years next prior to the filing of this action, each plaintiff has purchased airline tickets from one or both of the defendants, and each plaintiff expects to continue to purchase airline tickets from one or both of the defendants or their merged entity in the future:

1. Rosemary D'Augusta, 347 Madrone Street, Millbrae, CA 94030;

2. Carolyn Fjord, P.O. Box 73493, Davis, CA 95617;

3. Sharon Holmes, P.O. Box 295, Searchlight, NV 89046;

4. Deborah M. and Steven J. Pulfer, 16264 E. Mason Rd., Sidney, OH 45365;

5. John Lovell, 1910 Breton Rd. SE, Grand Rapids, MI 49506;

6. Gabe Garavanian, 40 Vinal Sq., No. Chelmsford, MA 01863:

7. Jose M. Brito, 100 California Ave., Reno, NV 89505;

8. Sondra K. Russell, 1206 N. Loop 340, Waco, TX 76705;

9. Annette M. Tippetts, 2783 East Canyon Crest Drive, Spanish Fork, UT 84660;

10. Sherry Lynne Stewart, 6189 Lehman Drive, Suite 103, Colorado Springs, CO 80918;

11. Robert A. Rosenthal, 5975 No. Academy Blvd., Colorado Springs, CO 80918;

12. Lee B. and Lisa R. McCarthy, 35 Lancashire Place, Naples, FL 34104;

13. June Stansbury, 690 W. 2nd. Street, Suite 100, Reno, NV 89503;

14. Keith Dean Bradt, P.O. Box 3262, Reno, NV 89505;

15. Donald and Donna Fry, 6740 Northrim Lane, Colorado Springs, CO 80919;

16. Gary Talewsky, 738 Turnpike Street, Canton, MA 02021;

17. Diana Lynn Ultican, 9039 NE Juanita Dr., # 102, Kirkland, WA 98034;

18. Patricia A. Meeuwsen, 1062 Wedgewood, Plainwell, MI 49080;

19. Robert D. Conway, 6160 W. Brooks Ave., Las Vegas, NV 89108;

20. Michael C. Malaney, 2240 28th St. SE, Grand Rapids, MI 49508;

21. Y. Jocelyn Gardner; 6602-A Delmonico Dr., Colorado Springs, CO 80919;

22. Clyde D. Stensrud, 1529 10th St. W., Kirkland, WA 98033;

23. Donna M. Johnson, 1864 Masters Drive, DeSoto, TX 75115;

24. Valarie Jolly, 2121 Dogwood Loop, Mabank, TX 75156;

25. Pamela S. Ward, 1322 Creekwood Drive, Garland, TX 75044.

DELTA RESPONSE:

Delta is without knowledge or information sufficient to form a belief as to the accuracy of Allegation 3.

ALLEGATION 4: Defendant Northwest Airlines Corporation ("Northwest") is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Eagan, MN. Northwest is the direct parent corporation of Northwest Airlines, Inc. ("NWA"). Northwest operates the world's seventh largest airline, as measured by 2007 revenue

3

1    passenger miles ("RPMs"), and is engaged in the business of transporting passengers and cargo.
2    Domestically in the United States, for 2007, Northwest was the fifth largest airline as measured
3    by RPMs. Northwest began operations in 1926. Northwest's business includes domestic hubs at
4    Detroit, Minneapolis/St. Paul, and Memphis.

   <u>DELTA RESPONSE</u>:

5    Delta is without knowledge or information sufficient to form a belief as to the accuracy
6    of Allegation 4, except (i) admits the first, second, fifth, and sixth sentences of Allegation 4;
7    (ii) states that it and Northwest Airlines Corporation ("Northwest") are engaged in the business
8    of transporting passengers and cargo; and (iii) states that according to data published by the
9    Department of Transportation ("DOT"), Northwest was the fifth largest airline in the United
10   States in 2007 as measured by 2007 revenue passenger miles ("RPMs").

11
      <u>ALLEGATION 5</u>:  Defendant Delta Air Lines, Inc. ("Delta") is a corporation
12   incorporated under the laws of the State of Delaware with its principal place of business in
13   Atlanta, GA. Delta is one of the largest air carriers that provides scheduled transportation for
14   passengers and cargo throughout the United States and around the world. Domestically in the
15   United States, for 2007 Delta was the third largest airline as measured by RPMs. Delta's
16   business includes domestic hubs in Atlanta, Cincinnati, New York-JFK, and Salt Lake City.
17   Each of these hub operations, like the hub operations by Northwest, includes Delta flights that
18   gather and distribute traffic from markets in the geographic region surrounding the hub to
     domestic and international cities and to other Delta hubs.
19   <u>DELTA RESPONSE</u>:
20   Delta denies Allegation 5, except (i) admits the first and fourth sentences of
21   Allegation 5; (ii) states that Delta competes in the provision of passenger and cargo air
22   transport in the United States and elsewhere in the world; (iii) states that according to DOT
23   data, Delta was the third largest airline in the United States in 2007 as measured by 2007
     RPMs; and (iv) states that Delta's hub operations permit customers to connect flights between
24   the hub and other locations.
25

26   **IV.    NATURE OF TRADE AND COMMERCE**
27       <u>ALLEGATION 6</u>:  The relevant product and geographic market for purposes of this
28   action is the transportation of airline passengers in the United States.

4

1  DELTA RESPONSE:

2  Allegation 6 states a legal conclusion to which no response is required.  Except as
3  otherwise expressly stated, Delta denies Allegation 6.

4

5  ALLEGATION 7:  Northwest and Delta are substantial rivals and competitors in the
relevant market. Not only do Northwest and Delta provide competing passenger service against
6  each other on a number of passenger routes, but also they are potentially able to provide
7  competing passenger service against each other on any route anywhere in the United States.
8  The behavior of each is therefore constrained by actual and potential competition from the
9  other throughout the entire relevant market.

DELTA RESPONSE:
10
Delta denies Allegation 7 except states that Northwest and Delta compete with each
11  other to provide passenger air transportation service.

12

13  ALLEGATION 8:  The market for the transportation of airline passengers in the United
14  States is in and part of interstate commerce, makes extensive use of the instrumentalities of
15  interstate commerce, and substantially affects interstate commerce. Airline passengers travel in
a continuous and uninterrupted flow of interstate commerce. Airlines travel in a continuous and
16  uninterrupted flow of interstate commerce. Materials used in the construction of airplanes are
17  purchased and shipped in a continuous and uninterrupted flow of interstate commerce.

18  DELTA RESPONSE:

19  Delta admits Allegation 8.

20

21  ALLEGATION 9:  Any restraint of trade in the transportation of airline passengers in
the United States, including the restraints specifically alleged in this complaint, directly and
22  substantially restrains and affects interstate commerce.
23
DELTA RESPONSE:
24
Delta denies Allegation 9.
25

26  **V.    CONDUCT GIVING RISE TO VIOLATIONS OF LAW**

27  ALLEGATION 10: On April 14, 2008, Northwest and Delta announced an agreement
28  in which the two carriers will combine in an all-stock transaction with a combined enterprise

5

value of $17.7 billion. The new airline will be called Delta. The chief executive officer of the combined company will be Richard Anderson, the current CEO of Delta. The chairman of Delta's Board of Directors will become chairman of the board of the combined company, and the chairman of Northwest's Board of Directors will become vice chairman.

DELTA RESPONSE:

Delta denies Allegation 10, except states that (i) it and Northwest issued a press announcement on April 14, 2008 concerning a transaction between the two airlines and refers to such announcement for the contents thereof and (ii) consistent with the agreement between Delta and Northwest, it is anticipated that the Chairman of Delta's Board of Directors will become Chairman of the combined company and that the chairman of Northwest's Board of Directors will become the Vice Chairman of the combined company.

ALLEGATION 11: Through secret and private meetings, Mr. Anderson of Delta negotiated the merger agreement with Northwest's Chief Executive Officer, Douglas Steenland. The two were formerly colleagues at Northwest. Messrs. Anderson and Steenland were promised multi-millions of dollars in additional compensation on the condition that they achieved a merger between their companies.

DELTA RESPONSE:

Delta denies Allegation 11 except states that (i) Mr. Anderson and Delta's Chief Executive Officer, Mr. Steenland, were involved in discussions between Delta and Northwest leading up to the agreement to enter into the planned transaction, (ii) these discussions were intended to be confidential until the stock transaction was announced, and (iii) Mr. Anderson was formerly employed by Northwest at a time when Mr. Steenland was also so employed.

ALLEGATION 12: The combined company will be the largest airline in the world and its regional partners will provide access to more than 390 destinations in 67 countries, will have more than $35 billion in aggregate revenues, operate a mainline fleet of nearly 800 aircraft, and employ approximately 75,000 people worldwide.

1  DELTA RESPONSE:

2  Delta denies Allegation 12, except states it and Northwest issued a press announcement on April 14, 2008 concerning a transaction between the two airlines and refers to such announcement for the contents thereof.

ALLEGATION 13: With respect to the domestic effects of the defendants' proposed merger in the relevant market, the following Table 1 provides data from the United States Department of Transportation on the revenue passenger miles flown by the largest United States airlines, excluding miles flown by the "feeder" subsidiaries of these airlines flown on "feeder" routes.  As the table demonstrates, the proposed merger would combine the third largest domestic United States passenger airline, Delta, and the fifth largest passenger airline, Northwest, and create the largest domestic United States passenger airline with a combined market share of 24.1 percent as measured by RPMs. The new airline would account for nearly one fourth of all RPMs flown by United States carriers.

DELTA RESPONSE:

Delta denies Allegation 13 except states that (i) it is without knowledge or information sufficient to form a belief as to the accuracy of the second and third sentences of Allegation 13 and (ii) refers to the referenced DOT data for the contents thereof.

ALLEGATION 14: Furthermore, the new airline would operate in a more highly concentrated market.  The Four Finn Concentration Ratio (CR4), which measures the aggregated market share of the largest four firms, would increase from 60.1 percent to 70.1 percent; and the Herfindahl-Hirschman Index (HHI) would increase from 1240 to 1509, or by over 250 points. As a result, the probability of price-fixing and division of markets among the airlines remaining after defendants' merger would substantially increase.

DELTA RESPONSE:

Delta denies Allegation 14.

ALLEGATION 15: The potential for increased price-fixing, division of markets, and other anti-competitive acts, among the remaining airlines is significant, because the domestic passenger airlines, including, *inter alia*, these defendants, have in the past colluded to fix prices

with regard to airfares, surcharges, and cargo prices, and to fix other terms and conditions of air transportation and travel.

DELTA RESPONSE:

Delta denies Allegation 15.

ALLEGATION 16: In addition to the degree of market concentration, there are significant barriers to entry in the relevant market, as well as a history of a lack of successful new entry. There have been only two new major carriers in recent years: Southwest Airlines and Jet Blue, and both of these entrants took some time to develop into major competitive factors. On the contrary, the relevant market has been characterized by the exit, rather than the entry, of firms. The prospect of new entry is therefore unlikely to eliminate any of the anticompetitive effects that will eventuate from the defendants' merger and the increasingly concentrated structure of the relevant market.

DELTA RESPONSE:

Delta denies Allegation 16, except states that Southwest Airlines and JetBlue each compete with each other and with Delta and Northwest.

ALLEGATION 17: The defendants' proposed merger will cause harm to consumers, including the plaintiffs, by charging higher airfares, reducing the number of flights, eliminating air service to smaller communities, charging for services otherwise part of normal service, crowding more people into existing airplanes, and other anti-competitive and anti-consumer welfare practices. Consumers, including the plaintiffs, will thus pay more for less airline service than would be the case in the absence of defendants' merger.

DELTA RESPONSE:

Delta denies Allegation 17.

ALLEGATION 18: The defendants' proposed merger is also likely to lead to other mergers and further concentration in the already highly concentrated relevant market.

DELTA RESPONSE:

Delta denies Allegation 18.

ALLEGATION 19: United States Representative James Oberstar (D-Minn.), chairman of the House Transportation and Infrastructure Committee, has publicly opposed the merger of Northwest and Delta, which he says is "likely to lead to less service to small communities, reduced competition in larger markets, and higher fares."

DELTA RESPONSE:

Delta is without knowledge or information sufficient to form a belief as to the accuracy of Allegation 19, except states that Representative James Oberstar (D-Minn.), Chairman of the House Transportation and Infrastructure Committee, made one or more public statements concerning the merger of Northwest and Delta, and refers to such statements for that content.

ALLEGATION 20: As the foregoing paragraphs show, the effect of the defendants' merger, if consummated, may be substantially to lessen competition, or to tend to create a monopoly in the transportation of airline passengers in the United States.

DELTA RESPONSE:

Delta denies Allegation 20.

ALLEGATION 21: By reason of the defendants' proposed merger, the plaintiffs are threatened with loss or damage in the form of higher ticket prices and diminished service. If the defendants' merger is consummated, the plaintiffs will sustain irreparable harm for which damages will be unable to compensate plaintiffs, in that service once lost cannot easily be restored. Accordingly, plaintiffs bring this action for both preliminary and permanent injunctive relief against defendants' merger.

DELTA RESPONSE:

Delta denies Allegation 21.

## VI. VIOLATION ALLEGED-CLAYTON ACT, SECTION 7

ALLEGATION 22: The conduct of defendants described hereinabove, specifically their agreement to merge, constitutes a violation of Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18, in that the effect of the proposed merger of defendants may be substantially to lessen competition, or to tend to create a monopoly in the transportation of airline passengers in the United States; by reason of which violation the plaintiffs are threatened with loss or damage in the form of higher ticket prices and diminished service, as well as irreparable harm for which

damages will be inadequate to compensate plaintiffs, such that plaintiffs are entitled to bring suit under Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26, to obtain preliminary and permanent injunctive relief to prohibit the defendants' merger, and to recover their cost of suit, including a reasonable attorney's fee.

DELTA RESPONSE:

Delta denies Allegation 22.

## AFFIRMATIVE DEFENSES

Delta alleges the following as separate and distinct affirmative defenses to plaintiffs' alleged cause of action. Delta does not agree or concede that it has the burden of proof or persuasion on any of these issues, and it does not assume any burden that it would not otherwise bear.

FIRST AFFIRMATIVE DEFENSE:

1. Plaintiffs' Complaint fails to allege facts sufficient to constitute a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE:

2. Plaintiffs lack standing to assert the claims set forth in the Complaint.

THIRD AFFIRMATIVE DEFENSE:

3. Delta adopts by reference any defense, not otherwise expressly set forth herein, that is pleaded by any other defendant in this action and that is applicable to Delta.

//
//
//
//
//
//
//
//
//

FOURTH AFFIRMATIVE DEFENSE

4. Delta has not knowingly or intentionally waived any applicable defenses and it reserves the right to assert and rely upon other applicable defenses as they become available or apparent. Delta also reserves the right to amend or seek to amend its Answer and/or defenses.

Respectfully Submitted,

Dated: July 15, 2008        BOIES, SCHILLER & FLEXNER LLP

By:     /s/ *John F. Cove, Jr.*
DONALD L. FLEXNER (*phv application pending*)
PHILIP C. KOROLOGOS (*phv application pending*)

575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
Email: dflexner@bsfllp.com
    pkorologos@bsfllp.com

JAMES P. DENVIR III (*phv application pending*)
5301 Wisconsin Ave. NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: jdenvir@bsfllp.com

JOHN F. COVE, JR. (SBN 212213)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
Email: jcove@bsfllp.com

Attorneys for Defendant Delta Air Lines, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 15, 2008.

Dated: July 15, 2008

        /s/ *John F. Cove, Jr.*

John F. Cove, Jr.