1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11  ROSEMARY D'AUGUSTA, CAROLYN
FJORD; SHARON HOLMES; DEBORAH M.
12  and STEVEN J. PULFER; JOHN LOVELL;
GABE GARAVANIAN; JOSE M. BRITO;
13  SONDRA K. RUSSELL; ANNETTE M.
TIPPETTS; SHERRY LYNNE STEWART;
14  ROBERT A. ROSENTHAL; LEE B. and LISA
R. MCCARTHY; JUNE STANSBURY;
15  KEITH DEAN BRADT; DONALD and
DONNA FRY; GARY TALEWSKY; DIANA
16  LYNN ULTICAN; PATRICIA A.
MEEUWSEN; ROBERT D. CONWAY;
17  MICHAEL C. MALANEY; Y. JOCELYN
GARDNER; CLYDE D. STENSRUD; DONNA
18  M. JOHNSON; VALARIE JOLLY; and
PAMELA S. WARD,
19
                    Plaintiffs,
20
21      v.

22  NORTHWEST AIRLINES CORPORATION
and DELTA AIR LINES INC.,
23
                    Defendant.
24

Case No.  3:08-CV-3007-VRW


**STIPULATION AND
[PROPOSED] PROTECTIVE
ORDER**

25
26
27
28

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

1

1    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

2    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

3    Protective Order.  The parties acknowledge, as set forth in Section 10, below, that this Stipulated

4    Protective Order creates no entitlement to file confidential information under seal; Civil Local

5    Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be

6    applied when a party seeks permission from the court to file material under seal.

7        2.    DEFINITIONS

8            2.1    Party:  Any party to this action, including all of its officers, directors,

9    employees, consultants, retained experts, and outside counsel (and their support staff).

10           2.2    Disclosure or Discovery Material:  All items or information, regardless of

11   the medium or manner generated, stored, or maintained (including, among other things,

12   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

13   responses to discovery in this matter.

14           2.3    "Confidential" Information or Items:  Information (regardless of how

15   generated, stored or maintained) or tangible things that qualify for protection under standards

16   developed under F.R.Civ.P. 26(c).

17           2.4    Receiving Party:   A Party that receives Disclosure or Discovery Material

18   from a Producing Party.

19           2.5    Producing Party:  A Party or non-party that produces Disclosure or

20   Discovery Material in this action.

21           2.6    Designating Party:  A Party or non-party that designates information or

22   items that it produces in disclosures or in responses to discovery as "Confidential."

23           2.7    Protected Material:  Any Disclosure or Discovery Material that is

24   designated as "Confidential."

25           2.8    Outside Counsel:  Attorneys who are not employees of a Party but who

26   are retained to represent or advise a Party in this action.

27           2.9    House Counsel:  Attorneys who are employees of a Party.

28

2

2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

3

1       5.2    Manner and Timing of Designations.  Except as otherwise provided in this

2    Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

3    material that qualifies for protection under this Order must be clearly so designated before the

4    material is disclosed or produced.  Discovery Material stamped or designated

5    "CONFIDENTIAL," including documents, material or information produced, stamped or

6    designated in other litigation or proceedings and made available in this action, shall be treated as

7    Confidential for the purposes of this Order.

8           Designation in conformity with this Order requires:

9           (a)    for information in documentary form (apart from transcripts of

10   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

11   "CONFIDENTIAL" on each page that contains protected material or furnish a separate written

12   notice to the undersigned counsel for the party receiving such documents, material or information

13   at the time of their production or as soon thereafter as practicable specifically identifying the

14   documents or materials as "Confidential."

15          A Party or non-party that makes original documents or materials available

16   for inspection need not designate them for protection until after the inspecting Party has indicated

17   which material it would like copied and produced.  During the inspection and before the

18   designation, all of the material made available for inspection shall be deemed

19   "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied

20   and produced, the Producing Party must determine which documents, or portions thereof

21   qualify for protection under this Order, then, before producing the specified documents, the

22   Producing Party must affix the legend **"CONFIDENTIAL"** on each page that contains Protected

23   Material.

24          (b)    for testimony given in deposition , that the Party or non-party

25   offering or sponsoring the testimony identify on the record, before the close of the deposition,

26   hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately

27   each portion of testimony that is entitled to protection, and when it appears that substantial

28   portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers,

4

1  or gives the testimony may invoke on the record (before the deposition or proceeding is

2  concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony

3  as to which protection is sought.  Only those portions of the testimony that are appropriately

4  designated for protection within the twenty (20) days shall be covered by the provisions of this

5  Stipulated Protective Order.

6        Transcript pages containing Protected Material must be separately bound

7  by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL",

8  as instructed by the Party or nonparty offering or sponsoring the witness or presenting the

9  testimony.

10        (c)    for information produced in some form other than documentary,

11  and for any other tangible items, that the Producing Party affix in a prominent place on the

12  exterior of the container or containers in which the information or item is stored the legend

13  "CONFIDENTIAL."  If only portions of the information or item warrant protection, the

14  Producing Party, to the extent practicable, shall identify the protected portions as

15  "Confidential."

16        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

17  failure to designate qualified information or items as "Confidential" does not, standing alone,

18  waive the Designating Party's right to secure protection under this Order for such material.  If

19  material is appropriately designated as "Confidential" after the material was initially produced,

20  the Receiving Party, on timely notification of the designation, must make reasonable efforts

21  to assure that the material is treated in accordance with the provisions of this Order.

22        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

23        6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

24  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

25  economic burdens, or a later significant disruption or delay of the litigation, a Party does

26  not waive its right to challenge a confidentiality designation by electing not to mount a

27  challenge promptly after the original designation is disclosed.

28

NO. 3:08-CV-3007-VRW
STIPULATED PROTECTIVE ORDER

1        6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

2   Designating Party's confidentiality designation must do so in good faith and must begin the

3   process by notifying the Designating Party in writing, by telephone or in person of its challenge

4   and identifying the challenged material, then conferring directly in voice to voice dialogue with

5   counsel for the Designating Party.  In conferring, each Party must explain the basis for its

6   respective position about the propriety of the challenged confidentiality designation, and

7   must give the other Party an opportunity to review the designated material, to reconsider the

8   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

9   designation.  The Parties have 14 days from the initial notification of a challenge to complete this

10  meet and confer process.

11        6.3    Judicial Intervention.

12            (a)  Other than for exhibits that are offered at trial (see section 6.3(b)), if

13  the Parties are not able to resolve a dispute about a confidentiality designation within the time

14  provided above, a Party that elects to press a challenge to a confidentiality designation after

15  considering the justification offered by the Designating Party may file and serve a motion under

16  Civil Local Rule 7 (and/or in compliance with Civil Local Rule 79-5, if applicable) that

17  identifies the challenged material and sets forth in detail the basis for the challenge.  Each

18  such motion must be accompanied by a competent declaration that affirms that the parties

19  have complied with the meet and confer requirements imposed in the preceding paragraph

20  and that sets forth with specificity the justification for the confidentiality designation that

21  was given by the Designating Party in the meet and confer dialogue.

22            The burden of persuasion in any such challenge proceeding shall be on the

23  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

24  material in question the level of protection to which it is entitled under the Producing Party's

25  designation.

26            (b)  Nothing herein contained shall prevent any of the parties from using

27  designated Confidential Materials in connection with any trial in this matter, provided, however,

28  that any party intending to use designated Confidential Materials at trial must notify the other

6

NO. 3:08-CV-3007-VRW
STIPULATED PROTECTIVE ORDER

1   parties of the intended use by the deadlines for exchanging trial exhibits. The Designating Party

2   may apply to the Court for a Protective Order governing the use of the Confidential Materials at

3   the trial. The use of Confidential Materials at trial shall be governed by such order as the court

4   may make at the time. Confidential Materials that are not received into evidence at trial shall

5   retain their Confidentiality status under this Protective Order.

6        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7        7.1    Basic Principles. A Receiving Party may use Protected Material that is

8   disclosed or produced by another Party or by a non-party in connection with this case only for

9   prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

10   disclosed only to the categories of persons and under the conditions described in this Order.

11   When the litigation has been terminated, a Receiving Party must comply with the provisions of

12   section 11, below (FINAL DISPOSITION).

13        Protected Material must be stored and maintained by a Receiving Party at a

14   location and in a secure manner that ensures that access is limited to the persons authorized

15   under this Order.

16        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

17   ordered by the court or permitted in writing by the Designating Party, a Receiving Party

18   may disclose any information or item designated CONFIDENTIAL only to:

19        (a)    the Receiving Party's House Counsel and Outside Counsel of

20   record in this action, as well as employees of said Counsel to whom it is reasonably necessary to

21   disclose the information for this litigation and who have signed the "Agreement to Be Bound by

22   Protective Order" that is attached hereto as Exhibit A;

23        (b)    Experts (as defined in this Order) of the Receiving Party to whom

24   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25   Bound by Protective Order" (Exhibit A);

26        (c)    the Court and its personnel;

27        (d)    court reporters, their staffs, and professional vendors to whom

28   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

1  Bound by Protective Order" (Exhibit A); and

2                     (e)     during their depositions, witnesses in the action to whom disclosure

3  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

4  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

5  Protected Material must be separately bound by the court reporter and may not be disclosed to

6  anyone except as permitted under this Stipulated Protective Order.

7                     (f)     the author of the document or the original source of the

8  information.

9       8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

10  OTHER LITIGATION.

11       If a Receiving Party is served with a subpoena or an order issued in other

12  litigation that would compel disclosure of any information or items designated in this action as

13  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax

14  or email, if possible) immediately and in no event more than three court days after receiving the

15  subpoena or order.  Such notification must include a copy of the subpoena or court order.

16       The Receiving Party also must immediately inform in writing the Party who

17  caused the subpoena or order to issue in the other litigation that some or all the material covered

18  by the subpoena or order is the subject of this Protective Order.

19       The purpose of imposing these duties is to alert the interested parties to the

20  existence of this Protective Order and to afford the Designating Party in this case an opportunity

21  to try to protect its confidentiality interests in the court from which the subpoena or order

22  issued.  The Designating Party shall bear the burdens and the expenses of seeking

23  protection in that court of its confidential material a n d  nothing in these provisions should

24  be construed as authorizing or encouraging a Receiving Party in this action to disobey a

25  lawful directive from another court.

26       9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

27       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

28  Protected Material to any person or in any circumstance not authorized under this Stipulated

8

1    Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

2    Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the

3    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

4    made of all the terms of this Order, and (d) request such person or persons to execute the

5    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

6        10.    FILING PROTECTED MATERIAL

7            Without written permission from the Designating Party or a court order

8    secured after appropriate notice to all interested persons, a Party may not file in the public record

9    in this action any Protected Material.  A Party that seeks to file under seal any Protected

10   Material must comply with Civil Local Rule 79-5.

11       11.    FINAL DISPOSITION.

12           Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

13   days after the final termination of this action, each Receiving Party must return all Protected

14   Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes

15   all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

16   any of the Protected Material.  With permission in writing from the Designating Party, the

17   Receiving Party may destroy some or all of the Protected Material instead of returning it.

18   Whether the Protected Materials are returned or destroyed, the Receiving Party must submit

19   a written certification to the Producing Party (and, if not the same person or entity, to the

20   Designating Party) by the sixty day deadline that identifies (by category, where appropriate)

21   all the Protected Material that was returned or destroyed and that affirms that the Receiving

22   Party has not retained any copies, abstracts, compilations, summaries or other forms of

23   reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

24   Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts,

25   legal memoranda, correspondence or attorney work product, even if such materials contain

26   Protected Material.  Any such archival copies that contain or constitute Protected Material

27   remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

28

9

1    12.    MISCELLANEOUS

2        12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4        12.2    Right to Assert Other Objections.  By stipulating to the entry of this

5    Protective Order no Party waives any right it otherwise would have to object to disclosing or

6    producing any information or item on any ground not addressed in this Stipulated Protective

7    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

8    the material covered by this Protective Order.

9            IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11

12    Dated: July 3/, 2008

13    By: _____        By: _____

14    JOHN F. COVE, JR. (SBN 212213)        MICHAEL F. TUBACH (SBN 145955)
     BOIES, SCHILLER & FLEXNER LLP        O'MELVENY & MYERS LLP
15    1999 Harrison Street, Suite 900        275 Battery Street, 26th Floor
     Oakland, CA 94612                San Francisco, CA 94111-3305
16    Telephone: (510) 874-1000            Telephone:  (415) 984-8700
     Facsimile: (510) 874-1460            Facsimile:   (415) 984-8701
17

18    DONALD L. FLEXNER (pro hac vice)        HENRY C. THUMANN (SBN 031519)
     PHILIP C. KOROLOGOS (pro hac vice)    RICHARD G. PARKER (SBN 062356)
19    BOIES, SCHILLER & FLEXNER LLP        O'MELVENY & MYERS LLP
     575 Lexington Avenue, 7th Floor        1625 Eye Street, NW
20    New York, NY 10022                Washington, D.C.  20006-4001
     Telephone: (212) 446-2300            Telephone:  (202) 383-5300
21    Facsimile: (212) 446-2350            Facsimile:   (202) 383-5414

22    JAMES P. DENVIR III  (pro hac vice)        Attorneys for Defendant
     BOIES, SCHILLER & FLEXNER LLP        NORTHWEST AIRLINES
23    5301 Wisconsin Ave. NW            CORPORATION
     Washington, DC 20015
24    Telephone: (202) 237-2727
     Facsimile: (202) 237-6131
25

26    Attorneys for Defendant
     DELTA AIR LINES INC.
27

28

                        10

1    12.    MISCELLANEOUS

2        12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4        12.2    Right to Assert Other Objections.  By stipulating to the entry of this

5    Protective Order no Party waives any right it otherwise would have to object to disclosing or

6    producing any information or item on any ground not addressed in this Stipulated Protective

7    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

8    the material covered by this Protective Order.

9            IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11

12    Dated: July 3 1 , 2008

13    By: _____        By: _____

14    JOHN F. COVE, JR. (SBN 212213)       MICHAEL F. TUBACH (SBN 145955)
     BOIES, SCHILLER & FLEXNER LLP        O'MELVENY & MYERS LLP
15    1999 Harrison Street, Suite 900      275 Battery Street, 26th Floor
     Oakland, CA 94612                    San Francisco, CA 94111-3305
16    Telephone: (510) 874-1000           Telephone:  (415) 984-8700
     Facsimile: (510) 874-1460            Facsimile:  (415) 984-8701
17
     DONALD L. FLEXNER (pro hac vice)     HENRY C. THUMANN (SBN 031519)
18    PHILIP C. KOROLOGOS (pro hac vice)  RICHARD G. PARKER (SBN 062356)
     BOIES, SCHILLER & FLEXNER LLP        O'MELVENY & MYERS LLP
19    575 Lexington Avenue, 7th Floor      1625 Eye Street, NW
     New York, NY 10022                   Washington, D.C.  20006-4001
20    Telephone: (212) 446-2300           Telephone:  (202) 383-5300
     Facsimile: (212) 446-2350            Facsimile:  (202) 383-5414
21
     JAMES P. DENVIR III (pro hac vice)   Attorneys for Defendant
22    BOIES, SCHILLER & FLEXNER LLP        NORTHWEST AIRLINES
     5301 Wisconsin Ave. NW               CORPORATION
23    Washington, DC 20015
     Telephone: (202) 237-2727
24    Facsimile: (202) 237-6131
25
26    Attorneys for Defendant
     DELTA AIR LINES INC.
27

28
                              10
NO. 3:08-CV-3007-VRW
                                    STIPULATED PROTECTIVE ORDER

1

2

3  By: _Theresa D Moore_  7/31/08  12.2(

4  JOSEPH M. ALIOTO (SBN 42680)
   THERESA D. MOORE (SBN 99978)
5  THOMAS M. ALIOTO, JR. (SBN 215544)
   THOMAS P. PIER (SBN 235740)
6  ALIOTO LAW FIRM
   555 California Street, 31st
7  San Francisco, CA 94104
   Telephone: (415) 434-8900
8  Facsimile: (415) 434-9200

9  DANIEL R. SHULMAN
   GRAY, PLANT, MOOTY, MOOTY, &
10 BENNETT
11 500 IDS Center
   80 South 8th Street
12 Minneapolis, MN 55402
   Telephone: (612) 632-3000
13 Facsimile: (612) 632-4355

14
15 Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          NO. 3:08-CV-3007-VRW
                                          STIPULATED PROTECTIVE ORDER

1

2

3    By: _____

4    JOSEPH M. ALIOTO (SBN 42680)
     THERESA D. MOORE (SBN 99978)
5    THOMAS M. ALIOTO, JR. (SBN 215544)
     THOMAS P. PIER (SBN 235740)
6    ALIOTO LAW FIRM
     555 California Street, 31st
7    San Francisco, CA 94104
     Telephone: (415) 434-8900
8    Facsimile: (415) 434-9200

9    DANIEL R. SHULMAN
10   GRAY, PLANT, MOOTY, MOOTY, &
     BENNETT
11   500 IDS Center
     80 South 8th Street
12   Minneapolis, MN 55402
     Telephone: (612) 632-3000
13   Facsimile: (612) 632-4355

14

15   Attorneys for Plaintiffs

16

17

18   **IT IS SO ORDERED**.

19

20     Dated: August 1, 2008

21                                     _____
                                       VAUGHN R. WALKER,
                                       United States District Chief Judge
22

23

24

25

26

27

28

11

1                                <u>EXHIBIT A</u>

2         <u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

3

4            I, _____[print or type full  name], of

5 _____ [print or type full address], declare under penalty of perjury

6 that I have read in its entirety and understand the Stipulated Protective Order that was

7 issued by the United States District Court for the Northern District of California on

8 _____ in the case of *D'Augusta v. Northwest Airlines Corporation, et al.*, 3:08-

9 CV-3007-VRW.  I agree to comply with and to be bound by all the terms of this

10 Stipulated Protective Order and I understand and acknowledge that failure to so comply

11 could expose me to sanctions and punishment in the nature of contempt.  I solemnly

12 promise that I will not disclose in any manner any information or item that is subject to

13 this Stipulated Protective Order to any person or entity except in strict compliance with

14 the provisions of this Order.

15            I further agree to submit to the jurisdiction of the United Sates District Court

16 for the Northern District of California for the purpose of enforcing the terms of this

17 Stipulated Protective Order, even if such enforcement proceedings occur after termination

18 of this action.

19            I hereby appoint _____[print or type full name] of

20 _____[print or type full address and telephone number] as my

21 California agent for service of process in connection with this action or any proceedings

22 related to enforcement of this Stipulated Protective Order.

23 Dated:         _____

24 City and State where sworn and signed: _____

25 Printed name:_____

26 Signature:      _____

27

28

NO. 3:08-CV-3007-VRW
STIPULATED PROTECTIVE ORDER